### WILL P. MAY v. THE STATE.

No. 3726. Decided October 20, 1915.

Rehearing denied November 24, 1915.

**1.—Seduction—Continuance—Want of Diligence.**

Where, upon trial of seduction, the application for a continuance showed a want of diligence, and no affidavit was attached to the motion for new trial that the absent witnesses would testify to the statement alleged in the application for continuance, and it did not appear that defendant knew they would so testify, but presumed merely that they would do so upon information, without giving the name of his informant, there was no error in overruling the motion for continuance, and motion for new trail.

**2.—Same—Continuance—Discretion of Court.**

A continuance is no longer, under our law, a matter of right, but is addressed to the sound discretion of the trial judge, and it should at least appear that defendant had good reason to believe that the absent witness would testify to the facts alleged in the application, and the materiality of the testimony is not sufficient, unless defendant knows that the absent witnesses will testify thereto, and this especially where the affidavits of the alleged absent witnesses were not attached to the motion for new trial.

Appeal from the District Court of Callahan. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Critz & Woodward,* for appellant.—On question of continuance: Steel v. State, 117 S. W. Rep., 850; Sharp v. State, 134 S. W. Rep., 333; Hardin v. State, 106 S. W. Rep., 352; Simmons v. State, 126 S. W. Rep., 157; Harris v. State, 18 Texas Crim. App., 287; Bains v. State, 61 S. W. Rep., 119; Muhlhause v. State, 119 S. W. Rep., 866.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with seduction, and when tried was convicted, and his punishment assessed at two years confinement in the penitentiary.

Appellant's counsel in his brief and oral argument before this court admitted that none of the bills of exception in the record, as qualified by the court, present error, unless it be the one in which he excepted to the action of the court in overruling his first application for a continuance. He earnestly insists that this bill presents error, and has filed an able brief on that question alone, and if diligence was shown and an allegation that the witnesses would testify as stated, perhaps it would present error. But does the application show that diligence required under the law? Appellant admits he and Miss Effie Quillin had several acts of carnal intercourse in July and August, 1912. They both fix the first date as July 5, 1912, and that the last act was perhaps the latter part of August, 1912, when appellant left Callahan County. By the testimony of both of them it is reasonably certain that he is the father of her baby, born May 7, 1913. The grand jury of Callahan County indicted appellant November 13, 1913. The sheriff of Callahan County did not locate appellant until in February, 1915, when he was arrested in Coleman County, and gave bond for his appearance in court in Callahan County in May, 1915. While the State contends he was a fugitive from justice, appellant contends that he had never been out of the State; did not know he had been indicted until he was arrested, and was not then and had not been avoiding arrest. And it may be that his contention is correct. But it is apparent he was arrested in February, and while he says he did not then know he was indicted, and thought that only a complaint had been filed against him, the slightest diligence would have disclosed that an indictment had been returned by the grand jury and was pending against him. In fact, the bond he signed would have so informed him if he had read it. Notwithstanding he was arrested in February, he apparently made no preparation for his trial until he went to Callahan County in May, and did not have the subpoena issued for the absent witness until the evening before his case was called for trial next morning. It is true he says he was not made aware of the facts he expects to prove by the witnesses until that day, but if he had used any diligence or effort, is it not reasonable to presume that he could have ascertained such facts earlier if he had tried? At least the record does not disclose any effort on his part to learn about such testimony or witnesses. Again he does not pretend to have any personal knowledge that the witnesses would testify to the facts he states. He says someone informed him that the witnesses would so testify in a casual conversation, without giving the name of his informant. Attached to his motion for a new trial is no affidavit of the witnesses that they or either of them would so testify; no affidavit of the person who told him in a casual conversation they would so testify, is attached, stating they would so testify. So it is made apparent that appellant did not know they would so testify, does not state they would so testify, but states specifically he merely has been

so informed in a casual conversation, without giving the name of his informant. This is too vague and indefinite. In fact, the attendance of one of the witnesses whom he says he was informed in the casual conversation would testify that the reputation of Miss Quillin for virtue and chastity was bad, was secured, and he refused and failed to so testify, thus evidencing that the information appellant received in the casual conversation was not very reliable.

Appellant says the trial court overruled his motion for a new trial as soon as filed, and he had no opportunity to secure the affidavits of the witnesses. He had two whole days after verdict in which to file a motion for a new trial, and if he had taken this time, if the witnesses were in the county, he could have secured the affidavits, if they would so testify, before filing his motion. Or if he had not the means to make the trip, he could in his motion have set up that fact, and asked that process be issued for the witnesses, and that they be heard on the motion. Had he done this, doubtless the court would have granted such prayer, or if the court had not done so, it would have shown an effort on the part of appellant and faith in what he had been informed in the casual conversation they would testify. He did not do this, and we have no information they would so testify if a new trial was granted. Appellant does not pretend to know that they would do so, and apparently does not know the name of the person who informed him the witnesses would so testify, because he does not give it in his application for a continuance, nor in the motion for a new trial. If there was any evidence that the witnesses would so testify, there would be merit perhaps in appellant's contention, but as the record presents the question, it is too indefinite for us to hold that the trial court abused his discretion in overruling the application for continuance, and the motion for new trial based on that ground. A continuance is no longer, under our law, a matter of right, but is addressed to the sound discretion of the trial judge, and when we are asked to review this discretion it ought to be made apparent by the record that the witnesses would testify as alleged, or at least that appellant had good reason to believe that they would so testify. The materiality of the testimony is not questioned, for if the witnesses would so testify, the testimony would be upon a material issue in the case, but the record discloses that appellant does not know they would so testify, and is relying upon the statement of another person whom he casually met and the affidavit of such person is not attached to the motion.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 24, 1915.—Reporter.]